UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN VAN FOSSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-CV-169-CVE-TLW |
| ) | |
| CITY OF TULSA, OKLAHOMA, ) | |
| JENNIFER MURPHY, MICHAEL ) | |
| ROBERTSON, JEREMY HARMON, and ) | |
| CHUCK JORDAN, ) | |
| ) | |
| Defendants. ) | |

# OPINION AND ORDER

Now before the Court is Defendant City of Tulsa's Motion to Dismiss Plaintiff's Fourth Claim for Relief in the Complaint and Brief in Support (Dkt. # 6). Defendant City of Tulsa, Oklahoma (the City) argues that plaintiff has not alleged that he complied with the notice requirement of the Oklahoma Governmental Tort Claims Act, OKLA. STAT. tit. 51, § 151 et seq. (OGTCA) before alleging a tort claim against the City in this case.

## I.

On the evening of April 2, 2015, John Van Fossen called the Tulsa Police Department (TPD) for assistance in removing two persons from his apartment. Dkt. # 2, at 3. He alleges that he had permitted two persons to temporarily reside at his apartment, and he claims that they refused to leave. Id. TPD Officers Jennifer Murphy and Micheal Robertson arrived at Van Fossen's apartment, and Van Fossen stated that he wanted the persons removed from his apartment but he did not want to proceed with criminal charges against them. Id. Van Fossen also told Murphy and Robertson that they were not permitted to enter his apartment. Id. Murphy and Robertson advised

Van Fossen that the situation appeared to be a civil matter that did not require the intervention of law enforcement officers, and they returned to their patrol car in the parking lot. Id. After Murphy and Robertson left, Van Fossen claims that the persons in his apartment began to antagonize him and he put a kitchen knife in his back pocket. Id. Murphy and Robertson returned to Van Fossen's apartment and questioned the two persons outside of the apartment, and Murphy subsequently entered the apartment and approached Van Fossen. Id. Murphy did not place Van Fossen under arrest, but she asked him not to use his cellular phone. Id. at 3-4.

Robertson finished talking to the two persons outside of the apartment and joined Murphy in the apartment. Id. at 4. Van Fossen believed that Murphy and Robertson were imminently going to place him under arrest, and he claims that he slowly stood up and turned around to show the police officers the knife in his back pocket. Id. He claims that both officers drew their weapons and that Murphy fired several rounds. Id. Van Fossen was shot in his thigh and calf, and he claims that the wounds show that he was shot from behind. Id. at 5. More police officers and emergency personnel arrived, and Van Fossen was placed in an ambulance for transportation to the hospital. Id. Van Fossen instructed medical personnel not to touch him or give him medication until he arrived at the hospital, and he claims that he was placed in restraints so that he could be given intravenous medication. Id. He continued to object to any further medical treatment, and the ambulance was stopped after medical personnel requested assistance from law enforcement officers. Id. Van Fossen claims that TPD Officer Jeremy Harmon entered the ambulance and punched him in the face. Id.

Van Fossen was charged with two counts of assault with a dangerous weapon, and he claims that Murphy and Robertson gave false testimony at a preliminary hearing that caused defendant to

2

be bound over for trial on those charges. Id. at 6. Van Fossen went to trial on November 14, 2016, and he states that his attorney requested an instruction on the lesser included offense of obstruction of justice. Id. at 5 n.1, 6. On November 16, 2016, Van Fossen was convicted of obstruction of justice and acquitted on both counts of assault with a dangerous weapon. Id. at 6. Van Fossen claims that he would not have been charged with a crime if Murphy and Robertson had not abused their position as law enforcement officers to convince the district attorney to bring charges against him, and he claims that Murphy and Robertson conspired with others to ensure that false testimony and evidence would be offered at trial. Id. at 7.

On March 31, 2017, Van Fossen filed this case alleging 42 U.S.C. § 1983 claims against the individual police officers involved in the incident giving rise to his arrest, the City, and TPD Chief Chuck Jordan (claims for relief one through three). Van Fossen has also alleged a state law tort claim against the City based on the alleged negligent hiring, supervision, and training of Murphy, Robertson, and Harmon (fourth claim for relief). The complaint does not include an allegation that Van Fossen gave the City notice of his tort claim before filing this case. On February 27, 2017, the City received a notice of tort claim from Van Fossen's attorney alleging that Murphy and Robertson used excessive force. Dkt. # 6-2, at 1. He also claims that Murphy and Robertson intentionally and maliciously perjured themselves in court, and he gave notice that he intended to bring a claim of malicious prosecution against the City. Id. at 2.

## II.

The City asserts that the Court lacks jurisdiction over plaintiff's fourth claim for relief and that this claim should be dismissed under Fed. R. Civ. P. 12(b)(1). In considering a motion to dismiss under Rule 12(b)(1), a court must determine whether the defendant is facially attacking the

3

complaint or challenging the jurisdictional facts alleged by plaintiff. In Holt v. United States, 46 F.3d 1000 (10th Cir. 1995), the Tenth Circuit stated:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true. Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. . . . In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

Id. at 1002-03. The City relies on evidence outside the pleadings, specifically plaintiff's notice of tort claim, and the Court will construe the motion as a factual attack on the jurisdictional facts alleged by plaintiff. In ruling on a factual attack to the complaint, a court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts" without converting the motion into a motion for summary judgment. Stuart v. Colorado Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001) (internal quotations omitted); see also Davis v. United States, 343 F.3d 1282, 1295-96 (10th Cir. 2003). To defeat a defendant's Rule 12(b)(1) motion, a "plaintiff must present affidavits or other evidence sufficient to establish the court's subject matter jurisdiction by a preponderance of the evidence." Southway v. Central Bank of Nigeria, 328 F.3d 1267, 1274 (10th Cir. 2003).

### III.

The City argues that plaintiff has failed to allege that he complied with the notice requirement of the GTCA, and this alone is a sufficient reason to dismiss plaintiff's fourth claim for relief. Dkt. # 6. The City also argues that the notice of tort claim it received on February 27, 2017 was untimely as to the fourth claim for relief, because it was filed more than one year after the date

4

of the loss. Id. at 4-5. Plaintiff acknowledges that he failed to allege in his complaint that he provided the City pre-suit notice of his tort claim, but he responds that he did file a notice of tort claim as required by the GTCA and the notice is timely as to a claim of malicious prosecution.

Any person intending to bring a tort claim against the State of Oklahoma or a political subdivision must file notice of the claim within one year of the date of loss. OKLA. STAT. tit. 51, § 156. A claim is deemed denied if the state or political subdivision fails to approve the claim in its entirety after 90 days of receiving notice of the claim, and a person seeking to bring a lawsuit against a political subdivision must file the lawsuit within 180 days from the date of the denial. OKLA. STAT. tit. 51, § 157. "Compliance with the statutory notice provisions of the GTCA is a jurisdictional requirement to be completed prior to the filing of any pleading." Hall v. GEO Group, Inc., 324 P.3d 399, 403 (Okla. 2014); Wright v. KIPP Reach Academy Charter School, 2011 WL 1752248, *5 (W.D. Okla. May 6, 2011). The failure of a plaintiff to allege compliance with the GTCA requires the dismissal of a tort claim against a political subdivision for lack of subject matter jurisdiction. Ford v. Justice Alma Wilson Seeworth Academy, 2010 WL 545872, *3 (W.D. Okla. Feb. 9, 2010).

Plaintiff concedes that his complaint does not include an allegation that he complied with the notice requirement of the GTCA, but he responds that he did file a notice of tort claim on the City and he requests leave to file an amended complaint with an allegation that he complied with the notice requirement. Dkt. # 13, at 3. The City does not dispute that it received a notice of tort claim from plaintiff's counsel on February 27, 2017, but it argues that the notice was submitted to the City more than one year after the date of the loss in the fourth claim for relief and the notice is untimely. The tort claim alleged against the City in the complaint concerns the alleged negligence

5

of the city in hiring police officers with a propensity to use excessive force and the City's failure to adequately train or properly supervise officers concerning the use of force. Dkt. # 2, at 16-17. Plaintiff argues that this claim did not accrue until he was acquitted on both counts of assault with a dangerous weapon on November 16, 2016, and he argues that his notice submitted to the City on February 27, 2017 was timely. However, the fourth claim for relief alleged in the complaint clearly goes to use of force against him, not any conduct that occurred during his prosecution, and the date of the loss for plaintiff's tort claim as alleged in the complaint is April 2, 2015. Plaintiff argues that the deadline to file his tort claim notice should be deemed tolled under the doctrine of estoppel, because Murphy and Robertson's fraudulent conduct prevented him from filing a timely notice. Dkt. # 13, at 3. Plaintiff cites Jarvis v. City of Stillwater, 732 P.2d 470 (Okla. 1987), for the proposition that "false, fraudulent or misleading conduct or some affirmative act of concealment to exclude suspicion and preclude inquiry" can be a basis to toll the one year time period to file a notice of tort claim. Id. at 472. Jarvis clearly states that the alleged conduct supporting an estoppel argument must be engaged in for the purpose of deterring a person from filing a notice of tort claim, and the conduct alleged by plaintiff does not fall into this category. Plaintiff claims that Murphy and Robertson made false representations about the events giving rise to this case as a part of false or malicious prosecution, not to deter plaintiff from filing a notice of tort claim, and it is clear that plaintiff knew of the alleged facts giving rise to his excessive force claim as of April 2, 2015. Plaintiff's tort claim is time-barred to the extent that he seeks to hold the City liable in tort for the alleged use of excessive force, and plaintiff will not be permitted to file an amended complaint asserting a tort claim based on the use of excessive force.

Plaintiff argues that his notice of tort claim alleges that he was the victim of a malicious prosecution, and he asserts that this claim did not accrue until November 16, 2016 when he was acquitted of assault with a dangerous weapon. Dkt. # 13, at 5. Plaintiff asks the Court to allow him to file an amended complaint alleging a malicious prosecution claim against the City, because his notice of tort claim would be timely as to such a claim. Id. To prevail on a claim of malicious prosecution, a plaintiff must prove that the defendant lacked probable to cause to initiate a prosecution and acted with "malice." Parker v. City of Midwest City, 850 P.2d 1065, 1067 (Okla. 1993). A political subdivision is not liable "for any act or omission of an employee acting outside the scope of the employee's employment." OKLA. STAT. tit. 51, § 153. The GTCA defines "scope of employment" as "performance by an employee acting in good faith within the duties of the employee's office or employment . . . but shall not include corruption or fraud." OKLA. STAT. tit. 51, § 152(12). In Parker, the Oklahoma Supreme Court held that the lack of probable cause and malice elements of a malicious prosecution claim both include some degree of bad faith conduct on the part of the employee, and an employee cannot be acting within the scope of employment if he commits acts that would give rise to liability for malicious prosecution. Id. at 1067. Therefore, a political subdivision cannot be held liable for malicious prosecution under the GTCA. Id. The Court has reviewed plaintiff's notice of tort claim and it does put the City on notice that plaintiff intends to bring a claim of malicious prosecution. Dkt. # 6-2, at 2. However, Oklahoma law is clear a political subdivision cannot be held liable for malicious prosecution under the GTCA, and it would be futile to allow plaintiff to file an amended complaint alleging such a claim against the City. Douglas v. Miller, 864 F. Supp. 2d 1205 (W.D. Okla. 2012) (an individual employee can be sued for malicious prosecution but the municipality is immune to a malicious prosecution claim under

7

the GTCA). Defendant's motion to dismiss (Dkt. # 6) should be granted, and plaintiff will not be granted leave to file an amended complaint re-asserting his tort claim against the City.

**IT IS THEREFORE ORDERED** that Defendant City of Tulsa's Motion to Dismiss Plaintiff's Fourth Claim for Relief in the Complaint and Brief in Support (Dkt. # 6) is **granted**, and plaintiff's fourth claim for relief is **dismissed**.

**DATED** this 14th day of August, 2017.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE